UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA L. MCLEOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-03134-E |
| | § | |
| FLOOR AND DECOR OUTLETS | § | |
| OF AMERICA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 11). For reasons that follow, the Court grants the motion in part, denies it in part, and finds it moot in part.

Plaintiff Teresa McLeod is a former employee of Defendant Floor and Décor Outlets of America, Inc. (F&D). Beginning in August 2015, McLeod worked for F&D as the Operations Manager of an F&D store in Dallas. As Operations Manager, she was responsible for store operations and reported to the Chief Executive Merchant for the store. McLeod alleges F&D treated her differently than it treated her male counterparts. F&D ultimately fired McLeod on April 9, 2018. McLeod alleges she was fired in retaliation for reporting racial discrimination and sexual harassment by other employees. In her Original Complaint, McLeod asserted five claims against F&D: (1) sex discrimination under Title VII of the Civil Rights Act of 1964; (2) sex discrimination under Chapter 21 of the Texas Labor Code; (3) retaliation under Title VII; (4) retaliation under Chapter 21; and (5) retaliation under 42 U.S.C. § 1981.

F&D moves to dismiss under Rule 12(b)(6) all of McLeod's claims except for her Title VII sex discrimination claim. After F&D filed its motion to dismiss, McLeod amended her complaint and also filed a response to the motion. Although McLeod has amended her complaint, the Court will exercise its discretion to consider F&D's motion to dismiss as it applies to the Amended Complaint, especially since the Court has McLeod's response and F&D's reply.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." *Id.* 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

F&D contends McLeod's claim for retaliation under Title VII should be dismissed because she did not exhaust her administrative remedies. F&D argues the charge McLeod filed with the Equal Employment Opportunity Commission (EEOC) did not encompass her Title VII retaliation claim. McLeod maintains that she exhausted her administrative remedies because she presented this claim to the EEOC in an online inquiry information form.

Title VII requires that claims be brought with the EEOC before courts may consider them. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016). To exhaust administrative

remedies, a plaintiff must file a timely charge with the EEOC and then receive notice of the right to sue. *Ernst v. Methodist Hosp. Sys.*, No. 20-20321, 2021 WL 2328146, at *2 (5th Cir. June 8, 2021). A claim need not always arise from the EEOC charge form. *Id.* Other documents can serve as a charge. *Id.* In assessing whether a filing is a charge, the key question is whether the filing taken as a whole, should be construed as a request by the employee for the agency to take whatever action is necessary to vindicate her rights. *Id.* A filing that is sufficiently detailed and verified can qualify as a charge if it satisfies the EEOC's charge-filing requirements. *Id.* (citing *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 405–07 (2008)). An EEOC charge must be in writing and be signed and verified. *Id.* (citing 29 C.F.R. § 1601.9). To satisfy the verification requirement, a charge must be "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). The substance of the charge must include the name and contact information of the person making the charge, the same information for the accused individuals, a factual statement of the allegations, the size of the employer, and disclosure of whether the allegations have already been brought to a state or local agency. *Ernst*, 2021 WL 2328146, at *3.

On July 9, 2018, McLeod filled out an online inquiry information form with the EEOC. On that form, she mentions retaliation twice, in addition to sex discrimination. The inquiry information form was not sworn to before an appropriate person or supported by McLeod's unsworn declaration. On August 2, 2018, McLeod filled out the EEOC Charge of Discrimination form. McLeod's charge form is supported by her unsworn declaration under penalty of perjury that the information provided is true and correct. The charge form includes only an allegation of sex

discrimination. The box for retaliation is unchecked and no mention is made of retaliation. The EEOC issued McLeod a right to sue letter in August 2020.

F&D argues the inquiry information form does not qualify as a charge because it is unverified. In arguing that the inquiry information form meets the requirements of a charge, McLeod does not address the verification requirement. The facts of this case are analogous to those in the Fifth Circuit's recent opinion in *Ernst*. *See Ernst*, 2021 WL 2328146, at *3–4. The plaintiff in that case filed an EEOC charge that alleged only race discrimination. *Id.* at *1. He also filed an intake questionnaire with the EEOC in which he claimed other forms of discrimination, in addition to race discrimination. *Id.* at *2. The Fifth Circuit held that because the intake questionnaire was not verified, the plaintiff failed to exhaust his administrative remedies for claims other than race discrimination. *Id.* at *3–4. The Court concludes that McLeod's unverified inquiry information form does not qualify as a charge and thus McLeod has failed to exhaust her administrative remedies regarding her Title VII retaliation claim. The Court grants F&D's motion to dismiss the Title VII retaliation claim and dismisses that claim without prejudice. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (when court dismisses claim under Rule 12(b)(6) for failure to exhaust administrative remedies, dismissal is without prejudice to plaintiff's right to return to court after exhaustion).

Next, F&D contends McLeod's claim for retaliation under § 1981 should be dismissed for two reasons. First, F&D argues the § 1981 retaliation claim is subject to a two-year statute of limitations and McLeod did not file this action within two years of her April 2018 discharge. Second, it argues McLeod did not meet the requisite pleading standard.

McLeod disputes that her § 1981 retaliation claim is subject to a two-year statute of limitations. She instead contends a four-year statute of limitations applies, making her claim

timely. F&D does not counter this contention in its reply in support of the motion. The Court agrees with McLeod. Claims such as this one that arise under 1991 amendments to § 1981 must be brought within four years. *See Hughes v. Dillard, Inc.*, No. 3:09-cv-0218-D, 2009 WL 4279414, at *3 n.12 (N.D. Tex. Nov. 30, 2009) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)); *see also Rothrock v. Gorman*, No. 3:12-cv-00241, 2013 WL 3461913, at *3 (S.D. Tex. July 1, 2013).

F&D further argues that McLeod's pleading fails to meet the applicable pleading standard for a § 1981 retaliation claim. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. This provision encompasses claims of retaliation. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 446, 457 (2008). To assert a successful § 1981 retaliation claim, a plaintiff must show: (1) she engaged in protected activities; (2) an adverse action followed; and (3) a causal connection exists between the protected activities and the adverse action. *White Glove Staffing, Inc. v. Meth. Hosps. Of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020). As for the third element, a plaintiff must initially plead and ultimately prove that, but for race, she would not have suffered the loss of a legally protected right. *Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

In the section of her Amended Complaint pertaining to § 1981 retaliation, McLeod alleges she engaged in protected activity by reporting race-based discrimination to F&D. That section goes on to allege two different reports of discrimination. First, McLeod alleges she reported discriminatory treatment of Hispanic/Latino employees to Adam Martin, the Chief Executive Merchant for the F&D store where McLeod worked. However, this report did not involve allegations of race discrimination; the allegations in the Factual Background portion of the

Amended Complaint reveal that this report to Martin was about five female Hispanic/Latino F&D employees being sexually harassed by a male F&D employee. The Court agrees with F&D that these allegations do not support a § 1981 claim, as they do not involve race. Section 1981 does not apply to claims involving retaliation for raising a complaint about sexual harassment. *See Payne v. Travenol Labs., Inc.*, 673 F.2d 798, 815 (5th Cir. 1982). As any attempt at amendment would be futile, the Court dismisses with prejudice McLeod's § 1981 retaliation claim that is based on her alleged report of sexual harassment.

Second, McLeod alleges F&D retaliated against her for reporting race discrimination on the part of Martin, the Chief Executive Merchant for her F&D store. On March 7, 2018, she allegedly emailed F&D's regional operations manager to report Martin's racially discriminatory activities against certain job applicants. McLeod alleges she notified F&D that Martin objected to her hiring an African American job applicant and two Hispanic/Latino applicants because Martin was "trying to change the image" of the store. Regarding the African American candidate, Martin allegedly said, "I wouldn't have even talked to her." Regarding a female Hispanic/Latino candidate, Martin said she could only work in the warehouse, as opposed to the front end of the store, because he was "trying to change the image." In reference to a male Hispanic/Latino candidate, Martin said that man could only work overnight since Martin was "trying to change the image." The regional operations manager responded that he needed to share McLeod's complaints with Martin's direct supervisor. McLeod's Amended Complaint includes a copy of the email exchange as an attachment.

Two days after McLeod sent the email, on March 9, 2018, Martin gave her a Letter of Concern allegedly based on false and inaccurate information. Per the letter, McLeod had 60 days to improve her allegedly deficient job performance. Before the 60 days expired, on April 9, 2018,

F&D fired McLeod.  McLeod alleges Martin was the decisionmaker in the decision to fire her. McLeod alleges that "[b]ut for [her] protected activities in opposing race discrimination against African American and Latino . . . candidates, F&D would not have retaliated against her by firing her."

F&D contends there is no report of purported race discrimination in McLeod's email and thus no protected activity.  F&D also argues McLeod failed to sufficiently plead the requisite causal connection between the protected activity and the termination of her employment.  Upon review of the Amended Complaint and the email attached to it, the Court concludes McLeod has pleaded specific facts which establish a plausibility of entitlement to relief on her cause of action for § 1981 retaliation that is based on her report of race discrimination against candidates for jobs with F&D. The Court denies F&D's motion to dismiss with respect to that cause of action.

Finally, McLeod's Amended Complaint deleted her two claims under Chapter 21 of the Texas Labor Code.  Accordingly, F&D's motion to dismiss McLeod's Chapter 21 claims is moot.

In summary, the Court concludes that F&D's motion to dismiss is:  (1) granted as to McLeod's Title VII retaliation claim, (2) granted as to McLeod's § 1981 retaliation claim based on her report involving sexual harassment of other F&D employees, (3) denied as to McLeod's retaliation claim under § 1981 based on her report of race discrimination against job applicants, and (4) moot as to McLeod's state law claims under Chapter 21 of the Texas Labor Code.  The Court dismisses the Title VII retaliation claim without prejudice and dismisses the § 1981 retaliation claim involving reports of sexual harassment with prejudice.

**SO ORDERED**.

**Signed June 18, 2021.**

Ada Brown
UNITED STATES DISTRICT JUDGE